**ALD-199**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1891
_____

JEFFREY LEE EDMUNDS,
                                        Appellant

v.

DONNA ZICKEFOOSE, d/b/a DONNA ZICKEFOOSE a/k/a WARDEN FORT DIX
FCI; HARLEY LAPPIN, d/b/a HARLEY LAPPIN a/k/a DIRECTOR FEDERAL
BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:10-cv-02852)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2011

Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed June 2, 2011)
_____

OPINION
_____

PER CURIAM

        Jeffrey Lee Edmunds, a federal prisoner proceeding pro se, appeals from the

District Court's order denying his "motion for summary judgment" in his previously

dismissed habeas proceeding. For the reasons that follow, we will summarily affirm.

I.

In 2006, the United States District Court for the District of New Hampshire sentenced Edmunds to 252 months' imprisonment and a lifetime of supervised release following his pleading guilty to child pornography charges. It does not appear that Edmunds appealed from that judgment or moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In June 2010, Edmunds, who was (and still is) serving his sentence at the Federal Correctional Institution at Fort Dix in New Jersey, filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey (hereinafter "the District Court"), challenging the legality of his confinement. On September 28, 2010, the District Court, acting sua sponte, dismissed the petition without prejudice for lack of jurisdiction and directed the District Court Clerk to close the case. In doing so, the court held that a § 2255 motion filed in the sentencing court, not a § 2241 petition, was the proper vehicle for presenting Edmunds's challenge to his confinement. The court further held that, because Edmunds had not timely pursued his remedies in the sentencing court, and since his petition did not appear to raise viable claims, "it would not be in the interest of justice to transfer this Petition to the trial court, as a possible § 2255 motion." (Dist. Ct. Op. of Sept. 28, 2010, at 6.)

Edmunds subsequently filed a document titled "motion for summary judgment" in the District Court in further support of his habeas petition. On March 29, 2011, the

2

District Court entered an order reopening the case, denying the motion for summary judgment as moot, and directing the Clerk to re-close the case. The court concluded that, even if the motion had been filed prior to the court's earlier order, the court would have denied the motion when it dismissed the petition. Edmunds now seeks to appeal from this most recent order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Although Edmunds's notice of appeal challenges only the District Court's March 29, 2011 order, that order was informed by the court's analysis in its September 28, 2010 opinion. Accordingly, we will consider that analysis here.

A § 2255 motion is the presumptive means by which a federal prisoner may attack his conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Relief under § 2241 is appropriate only if § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. See 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. Section 2255 is not inadequate or ineffective, however, merely because the prisoner has failed to file his § 2255 motion within the one-year statute of limitations period. Id. at 539.

In this case, we agree with the District Court that (1) Edmunds failed to show that

3

§ 2255 was inadequate or ineffective to test the legality of his detention, and (2) his habeas petition thus was subject to dismissal for lack of jurisdiction. Because the District Court lacked jurisdiction to consider Edmunds's habeas petition, the court properly denied his motion for summary judgment. As this appeal does not present a substantial question, we will summarily affirm the District Court's order denying Edmunds's motion for summary judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.